No. 482

GRAHAM et al v. BERGIN et al

Ohio Appeals, Second Dist., Franklin County
No. 1069. Decided May 5, 1923

This opinion has not been published except in Abstract.

CHARITABLE TRUSTS—(1) Liberality in construction—(2) Co-existence of charitable and non-charitable trust—(3) Execution of trust under doctrine of cy pres.

ALLREAD, J.

Epitomized Opinion

This is an action to set aside certain trusts set forth in a will. Virginia W. Gay died leaving a will disposing of an estate of about $525,000. The major portion of this estate was disposed of in Article 6 of the will, which created a charitable and non-charitable trust. Under this provision a large sum of money was to be vested in certain trustees to be used for the construction and maintenance of a "Home for Aged Women." This Home was to be used and maintained for charitable purposes, and also provided that certain classes of inmates were to be charged a certain amount to live therein. Shortly after the testator's death, this action was brought to invalidate these trust bequests and to establish a resulting trust in favor of the heirs. The case was tried in the Common Pleas Court of Franklin county before Judge E. R. Kinkead and the trust was declared void for uncertainty and because private and non-charitable trusts were mixed in the same bequest. The case was appealed and the Court of Appeals, in reversing the judgment, held:

1. The utmost liberality must be exercised in the establishment and in the administration of charitable trusts.

2. The mere co-existence of a charitable trust, legal in itself, with a private trust, also legal, will not defeat the charitable trust unless the two are inseparably commingled.

3. If the fund established by the bequest should be found to be insufficient to execute the trust strictly according to the terms of the will, it may be executed under the legal doctrine known as cy pres.

Decree that charitable trust is valid and must be executed either in the exact form prescribed by the will or under the doctrine of cy pres.

Attorneys—Henry A. Williams and M. R. Patterson, for Graham et al; Turner & Calland and Henry Gumble, for Bergin et al.

---

No. 483

COLUMBUS v. NEAL and WATTS

Ohio Appeals, Second Dist., Franklin County
No. 1058. Decided May 3, 1923

This opinion has not been published except in Abstract.

Sidewalks—(1) Liability of abutting property owner for defective sidewalk.

ALLREAD, J.

Epitomized Opinion

The city of Columbus brought an action to recover of the owner and occupier of abutting property the amount of a certain judgment. This judgment was secured by a pedestrian who was injured, due to a defect in the sidewalk. This defect consisted of a coal hole which was maintained by the owner and occupier of said property for their own benefit. A demurrer was filed by Watts, the tenant, and was sustained. Thereupon the plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. Where a pedestrian is injured through a defect in the covering of an opening through a sidewalk maintained by the owners of the abutting property for their special use and convenience, the abutting property owners are liable to the city for the amount of a judgment secured against it by such pedestrian.

Attorneys—Charles A. Leach and L. F. Laylin, for Columbus; C. E. Bibbee, for Neal and Watts.

---

No. 484

COLEMAN v. REED et al

Ohio Appeals, First Dist., Hamilton County
No. 2117. Decided May 18, 1923

This opinion has not been published except in Abstract.

MALICIOUS PROSECUTION—(1) Admissibility of evidence proving guilt of plaintiff under general issue—(2) Necessity of specific charge of court as to what facts necesary to show malicious prosecution—(3) Failure of court to give further charges immaterial unless requested by party—(4) Minor inconsistencies between special charges.

CHITTENDEN, J.

Epitomized Opinion

This was an action brought by Coleman for malicious prosecution against one Reed and the Methodist Book Concern in the Superior Court of Hamilton county. Coleman had been a trusted employee of the concern for more than 25 years. He was arrested for petit larceny upon the affidavit of one of the officers of the firm. Later he was indicted but his indictment was properly nollied upon the confession of the party who committed the larceny. The plaintiff then sued the defendant for malicious prosecution. During the trial Judge Robert S. Marx of the Superior Court of Cincinnati permitted the introduction of evidence as to the guilt of the plaintiff. As the trial resulted in a verdict for defendant, plaintiff prosecuted error.

1. In an action for malicious prosecution the guilt of the plaintiff may be established under the general issue notwithstanding his acquital.

2. In an action for malicious prosecution the court should specifically charge the jury what facts it found by them to be true would constitute probable cause for the prosecution.

3. Unless the action of the trial court is challenged in that respect or a request for further instructions made, the failure to charge more fully upon the subject is not reversible error.

4. Even though there might be some inconsistency between special charges, yet unless it appears that the jury was misled by them, no prejudicial error is committed.

Attorneys—Minges & Jones, for Coleman; Amos P. Foster, for Reed et al.